### THE STATE, ALBERT GREEN, PROSECUTOR, v. LARS SKOQVIST.

Where a plaintiff had testified upon direct examination that defendant's cattle had committed several trespasses upon his land, and injured his crops, his damage amounting to a certain amount of money, it was proper to ask him upon cross-examination whether, during the period covering these trespasses, the cattle of other persons had not also trespassed and injured his crops.

---

This writ brings up a judgment of the Court of Common Pleas of Middlesex county on an appeal from a justice of the peace.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the prosecutor, *Charles T. Cowenhoven.*

For the defendant, *Henry B. Cook.*

The opinion of the court was delivered by

REED, J. This action was brought by Skoqvist to recover damages resulting from the trespasses of defendant's cattle, by reason of which trespasses defendant's crops were ruined.

On the trial, Skoqvist, the plaintiff, testified on direct examination, to the trespasses, to the degree of injury to his crops, and to the money value of the damage done.

On cross-examination, he was asked by defendant's attorney whether he did not know that during the time whereof he had complained of the plaintiff, the cattle of other people other than the defendant, had entered upon those fields and damaged the crops.

He was also asked whether he did not know that one Coudert's cattle had trespassed upon the lands, and for which he received damages from Coudert.

These questions were objected to as not a proper cross-examination. The questions were overruled, the court remarking that the defendant would have an opportunity to establish this upon his defence.

We think that in so ruling the court committed error.

The questions propounded on cross-examination were directly related to the subject-matter of the testimony of the witness, delivered upon his direct examination. The witness had testified to the kind and degree of damage done to his crops by the several trespasses of defendant's cattle. The question asked on part of the defendant was to show that during the period covered by these trespasses, the crops had been injured by other trespasses. This was relevant for the purpose of raising an inference that a part of the injury attributed to the defendant's cattle was, in fact, done by the cattle of others. The court in announcing that the defendant would have an opportunity to establish this upon his defence, properly recognized the relevancy of the testimony.

If it was relevant at all, it was certainly proper to establish it by the defendant who had sworn to all the elements that went to make out his case, namely, the trespasses, the injury and the amount of damages. The cross-examination was directed to the question of damages, and was entirely proper for the purpose of modifying the force of the direct testimony of the witness upon that point.

Judgment must be reversed, and the case remitted to the Common Pleas.